## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 22-cv-456 (NEB/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Port Bethel; Sue Girot, Individual & Official Capacity; and Employees, Individual and Official Capacities, | |
| Defendants. | |

Plaintiff James Paul Aery, a prisoner, did not pay the filing fee for this matter, instead applying for *in forma pauperis* (IFP) status. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, the Court concludes that Aery qualifies financially for IFP status. That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii);[1] *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must

---

[1] As explained in greater detail below, because it does not appear from the complaint that Aery "seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), this Court has reviewed the complaint pursuant to § 1915(e)(2)(B) rather than § 1915A(b).

"state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Defendant Port Bethel is a treatment center for alcohol and other drug dependency. *See* Complaint at 4 [Dkt. No. 4]. Aery alleges that defendant Sue Girot, a counselor employed at Port Bethel, told him that he "ma[d]e her so mad she could hit [him]," then called Aery's parole officer to have him arrested. *Id.* at 4-5. Aery regards both the statement and the putatively "misleading" report to the parole officer as constitutional violations. *Id.* at 6. Aery also alleges that employees of Port Bethel retained unspecified personal items of his following his arrest. *Id.* at 7. Finally, Aery alleges that "Employees of Port Bethel failed to protect me[,] a vulnerable adult[,] under the [Americans with Disabilities Act,] when they ignored my well-being." *Id.*

None of these inchoate claims are adequately pleaded. First, Aery's constitutional claims: A claimant may seek relief under 42 U.S.C. § 1983 for violations of constitutional rights committed by state actors. Nowhere in the complaint, however, does Aery suggest that Girot, Port Bethel, or Port Bethel's other employees *are* state actors. And "[o]nly state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007) (quoting *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Even if the Court were to assume that the defendants could be regarded as state actors, however, Aery's constitutional claims would still fail. To the extent that Girot's statement that Aery "ma[d]e her so mad she could hit [him]" is true, Compl. at 4, verbal threats are generally not regarded as constitutional violations actionable under § 1983. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). With respect to Aery's false-arrest claim, there is no basis from which to conclude from the complaint that Aery's arrest was, in fact, "false." Aery's allegation that he was "arrested wrongfully,' Compl. at 5, is entirely conclusory; there is no factual basis in the pleading offered from which a factfinder could conclude that Girot lacked a reasonable basis to report Aery to his parole agent. Aery's allegations of property theft are likewise conclusory, and even if they were not, it is difficult to fit those allegations within the rubric of § 1983 rather than state law.[2] But as explained below, the Court lacks jurisdiction over any state-law claims that Aery might be seeking to bring. And Aery's constitutional claims premised upon supervisory liability fall short due to him having failed to establish an underlying constitutional violation in the first place.

Second, Aery's claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., is badly underpleaded. Only a single sentence at the very conclusion of Aery's complaint mentions the ADA at all, and the lone accusation is that unnamed employees of Port Bethel "ignored [Aery's] well-being." Compl. at 7. Nowhere does Aery explain how his allegations fall within the scope of wrongs prohibited by the ADA; indeed,

---

[2] The closest this Court can come is a claim that Port Bethel's retention of Aery's belongings deprived Aery of a property interest without due process of law. But state-law tort claims would provide an adequate alternative remedy to a constitutional claim. *See, e.g., Reese v. Kennedy*, 865 F.2d 186, 187 (8th Cir. 1986) (noting that "the availability of state tort remedies precludes [the plaintiff's] section 1983 claim and satisfies the requirements of procedural due process.").

3

nowhere does Aery even allege that he *is* disabled for purposes of the ADA. The few allegations in the complaint are woefully insufficient to support an ADA claim.

Third, Aery suggests that the defendants' actions amount to violations of state law as well. Nowhere, though, does Aery allege that the Court would have original jurisdiction over these state-law claims. The statutory provision, 28 U.S.C. § 1331, that supplies jurisdiction over the § 1983 and ADA claims would not do so, as the state-law claims do not present a federal question of law. Nor would 28 U.S.C. § 1332(a) supply jurisdiction, as Aery has not alleged that the parties are of diverse citizenship. And the Court may not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal-law claims have been dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

Accordingly, the Court recommends that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, this Court **RECOMMENDS** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff James Paul Aery [Dkt. No. 2] be **DENIED**.


Dated: February 22, 2022          s/David T. Schultz
                                  DAVID T. SCHULTZ
                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).