# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES PAUL AERY, | Case No. 22-CV-456 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER |
| PORT BETHEL, SUE GIROT, in her individual and official capacities, and EMPLOYEES, in their individual and official capacities, | |
| Defendants. | |

Plaintiff James Paul Aery sued the Bethel Port Rehabilitation Program and its employees under 42 U.S.C. Section 1983. Before the Court is Aery's request to proceed *in forma pauperis* ("IFP") because he contends he cannot pay the costs of his suit. In a Report and Recommendation, United States Magistrate Judge David T. Schultz recommends denying Aery's IFP application because his complaint fails to state a claim on which relief may be granted. Aery objects to the R&R. For the reasons below, the Court overrules Aery's objections, accepts the R&R, denies Aery's IFP application, and dismisses the action without prejudice.

## BACKGROUND

The R&R details the facts of the case, (ECF No. 3 ("R&R") at 2), which are undisputed. The Court briefly lays out the facts necessary to rule on the objection.[1]

While apparently a Port Bethel client, Aery alleges that defendant Sue Girot, a Port Bethel counselor, told him he "ma[d]e her so mad she could hit [him]," before calling Aery's parole officer to have him arrested. (*Id.*) Aery contends that Girot's statement and the subsequent report to the parole officer were unconstitutional. (*Id.*) Aery argues that Port Bethel failed to supervise Girot and knowingly permitted Girot's actions. (ECF No. 1 at 6.) Aery also alleges that Port Bethel employees unlawfully kept some of his things and that Port Bethel violated the ADA when it failed to protect him throughout these encounters. (R&R at 2.)

## ANALYSIS

Because Aery is a prisoner seeking to proceed IFP, the Court may dismiss the case if he fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *see Goodroad v. Bloomberg*, 129 F.3d 121, 121 (8th Cir. 1997) (per curiam) (applying Rule 12(b)(6) standard of review to dismissal under 28 U.S.C. Section 1915(e)). The Court must accept "the well-pleaded allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff." *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014) (citations omitted). Additionally, Aery's complaint "must contain

---

[1] In so doing, the Court cites the R&R and incorporates the citations it contains.

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 838–39 (quotation marks and citations omitted). Although *pro se* complaints are to be construed liberally, Aery still must allege sufficient facts to support his claims.[2] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court reviews the R&R's determination *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

*State actors.* Aery sues Port Bethel and its employees under Section 1983 for violating his constitutional rights. But nowhere in his complaint does Aery allege that the defendants are state actors.[3] "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). Aery's Section 1983 claims fail on this ground alone.

*Constitutional claims.* Even assuming the defendants are state actors, Aery's claims cannot survive because he failed to allege sufficient facts to state a plausible constitutional

---

[2] In his objections, Aery asserts that the R&R did not consider his complaint liberally enough. (ECF No. 4 ("Obj.") at 1.) But the R&R stated and applied the proper standard. (R&R at 2–4.) Even making every possible inference from the facts Aery pleads, the facts do not state a claim under law.

[3] Aery contends in his objection that "[t]reatment facilities and the staff work so closely with the state officials that it is basically inseparable in context of the powers they wield knowingly or not" and that the facility is "approved and funded by state and federal money. . . ." (Obj. at 1–2.)

3

CASE 0:22-cv-00456-NEB-DTS   Doc. 5   Filed 05/06/22   Page 4 of 5

claim. First, Aery contends Girot verbally threatened him, but his contention is not actionable under Section 1983. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). Second, Aery alleges that Girot called his parole officer and made a false report, leading to his wrongful arrest. His allegation fails to state a claim because it is conclusory; Aery provides no facts for the Court to access what about the arrest was wrongful. Third, Aery argues Port Bethel employees stole his belongings after he was arrested. Assuming Aery believes the theft deprived him of a property interest without due process of law, a state-law tort claim would provide Aery sufficient relief, so a Section 1983 claim is precluded. *Reese v. Kennedy*, 865 F.2d 186, 187 (8th Cir. 1989). Fourth, Aery's supervisory liability claim against Port Bethel fails because he has not established an underlying constitutional violation. *Webb v. City of Maplewood*, 889 F.3d 483, 487 (8th Cir. 2018).

*ADA.* Aery's ADA claim fails under Rule 12(b)(6) because Aery has only provided conclusionary statements and pleads no specific facts to support the claim.

*State claims.* It appears Aery pleads state law claims including theft. Jurisdiction over Aery's state law claims exists solely by virtue of the supplemental jurisdiction statute which provides jurisdiction over state law claims forming part of the same "case or controversy" as federal claims. 28 U.S.C. § 1367(a). But the exercise of supplemental jurisdiction is discretionary if the Court has dismissed all claims over which it has original

jurisdiction. *Id*. § 1367(c)(3). Accordingly, the Court declines to exercise supplemental jurisdiction over Aery's state law claims.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Aery's objection (ECF No. 4) is OVERRULED;

2. The Report and Recommendation (ECF No. 3) is ACCEPTED;

3. The matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii); and

4. Aery's application to proceed *in forma pauperis* (ECF No. 2) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 6, 2022							BY THE COURT:

								s/Nancy E. Brasel
								Nancy E. Brasel
								United States District Judge